IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL BORDE and
FORREST BOSTICK,

      Plaintiffs,

vs.                                          CIV 2:09-1185-WDS-GBW

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, and
JOHN SUTHERLAND, R. JAVIER DIAZ
and FRED WILLIAMS, in their individual
capacities,

      Defendants.

## ORDER GRANTING MOTION FOR STAY

This matter is before the Court on Defendants' Motion to Stay. *Doc. 28.* The matter is fully briefed and the Court has determined that no hearing or further briefing is required. *Doc. 29, 30.*

Defendants' seek a stay of discovery "pending consideration and disposition of the motion to dismiss on absolute and qualified immunity." *Doc. 28* at 4. The referenced Motion to Dismiss was filed on March 24, 2010. *Doc. 26.* Plaintiffs' have filed their Response to the Motion to Dismiss, but the briefing on that issue will not be complete until the filing of a Reply which is due at the end of April.

Defendants argue that when a defendant files a motion for absolute or qualified immunity, the defendant is entitled to a stay of discovery. They contend that not granting

such a stay will deprive defendants of the full protection of the immunity defense.

Plaintiffs respond that the granting of the stay is not nearly as automatic as suggested by Defendants. Plaintiffs correctly point out that certain circumstances justify permitting discovery to proceed even in the face of an immunity defense. Plaintiffs' primary argument is that Defendants' Motion to Dismiss is deficient both procedurally and substantively. Plaintiffs argue that Defendants' Motion is so facially deficient that the mere fact that it raises the immunity defenses should not serve to stay discovery.

Although the Court agrees that Defendants may overstate the lack of discretion in the granting of a motion to stay in the face of an immunity defense, the instant case does not fit within the exceptions to the general rule that a stay is appropriate. When the presiding judge turns to the disposition of Defendants' Motion to Dismiss, he indeed may agree that Defendants' Motion is deficient or otherwise improper. Nonetheless, pending that decision, a stay of discovery is appropriate to preserve the benefits of the immunity defenses and minimize discovery costs. This stay will only remain pending the disposition of the Motion to Dismiss. If the Motion to Dismiss is not granted as to all parties and claims, then the Court will revisit the course of discovery in this case.

IT IS HEREBY ORDERED that discovery and other case management deadlines are stayed pending ruling on Defendants' Motion to Dismiss Under Doctrines of Absolute and Qualified Immunity.

_____
United States Magistrate Judge