IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL BORDE and
FORREST BOSTICK,

Plaintiffs,

vs.  CIV 2:09-1185-WDS-GBW

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, and
JOHN SUTHERLAND, R. JAVIER DIAZ
and FRED WILLIAMS, in their individual
capacities,

Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO DISMISS
UNDER THE DOCTRINE OF ABSOLUTE IMMUNITY**

This matter is before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) filed on behalf of Defendants John Sutherland, R. Javier Diaz, and Fred Williams. (Document 26) The moving defendants seek dismissal of the claims against them based on the doctrines of absolute and qualified immunity. Plaintiffs filed a response to the motion, arguing both that the defendants were not entitled to immunity, and that their motion was procedurally defective because it included factual allegations that were inappropriate in a motion filed under Rule 12(b)(6). In Defendants' reply they withdrew their motion for qualified immunity, but restated their position that they are entitled to absolute legislative and/or judicial immunity. For the reasons stated below, the Court will **GRANT** the Motion in part and **DENY** it in part.

**FACTUAL BACKGROUND**

Since this is a motion to dismiss on the pleadings, the following facts are taken from

Plaintiffs' Complaint.  Plaintiffs Borde and Bostick worked for Luna County under employment contracts effective February 26, 2008, Borde as Public Works Director and Bostick as Risk Manager/Emergency Management Coordinator.  Plaintiffs' contracts were for a term of three years and provided that while Luna County could terminate them at any time during the contract, plaintiffs would be owed severance pay unless the employee was terminated as a result of the conviction of a felony. Neither Plaintiff was convicted of a felony.  The contracts provided that if Plaintiffs were terminated during the second year of their employment, they would "receive the balance of the contract compensation due plus severance pay equal to twelve (12) months of base pay."

At the Luna County Commission meeting of June 23, 2009 the Commission voted 2 to 1 to terminate the Plaintiffs' contracts.  Defendants Diaz and Williams voted to terminate the Plaintiffs' contracts.  The agenda for the meeting did not contain any notice that the Plaintiffs' contracts would be discussed or voted on.  Following the Commission meeting, Sutherland informed Plaintiffs that their contracts had been terminated and their services were no longer needed.  Plaintiffs claim that under the contracts' severance provisions they should have been paid for the remaining twenty months and three days of the contract term, plus an additional twelve months, for a total of thirty-two months and three days.  They also claim they are entitled to payment under the Paid Time Off (PTO)[1] provisions of the contract.  Despite requests for payment, Plaintiffs have not received any severance pay.  Sutherland told the Plaintiffs that he had a problem with the contracts and was not going to honor the contract term, PTO or the severance and provisions of the contracts.  Luna County Human Resources Director, Danny Gonzales, told Plaintiffs that Sutherland had instructed

---

[1] For purposes of this motion, any distinction between severance pay and PTO is irrelevant, and for convenience the Court will simply refer to "severance pay" or "severance benefits."

him not to pay Plaintiffs their severance or PTO payments.

## LEGAL STANDARD

The Defendants bring this Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that the complaint set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity." *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998) (internal quotation marks omitted).  It applies, however, only to legislators sued in their individual capacities, not to the legislative body itself.  See *Minton v. St. Bernard Parish Sch. Bd.*, 803 F.2d 129, 133 (5th Cir. 1986) ("[A]bsolute legislative immunity [is a] doctrine[] that protect[s] individuals acting within the bounds of their official duties, not the governing bodies on which they serve.").

The purpose of legislative immunity is to permit officials to serve the public without fear of personal liability. "Legislators are immune from deterrents to the uninhibited discharge of their

legislative duty, not for their private indulgence but for the public good. One must not expect uncommon courage even in legislators." *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S. Ct. 783, 95 L. Ed. 1019 (1951).

The Tenth Circuit has taken a broad view of legislative immunity, but it is clear that "[n]ot all actions taken at a legislative meeting by a local legislator are legislative for the purposes of immunity." *Kamplain v. Curry County Board of Commissioners*, 159 F.3d 1248, 1251 (10th Cir. 1998)  Even though the Board in *Kamplain,* for example*,* acted during a regularly scheduled meeting, the Tenth Circuit found that the Board's acts were of an administrative nature, and were not legislative. *Id*. at 1252.  In order to determine whether Defendants are entitled to legislative immunity, the Court must look to the function that the Defendants were performing when the actions at issue took place, see *Forrester v. White*, 484 U.S. 219, 224, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988), and examine the nature of those actions.  *Kamplain,* 159 F.3d at 1251; and see *Bogan*, 118 S. Ct. at 973 ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it."); see also *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 579 (9th Cir. 1984)("The critical concern in our inquiry [is] the nature of the action on which the vote was taken."), cert. denied, 471 U.S. 1054, 85 L. Ed. 2d 480, 105 S. Ct. 2115 (1985). Accordingly, the task for the Court in resolving this 12(b)(6) motion is to determine whether or not the allegations of Plaintiff's complaint seek to impose liability on moving Defendants for acts that are legislative in nature.

## DISCUSSION

Plaintiffs' complaint contains five causes of action: Deprivation of Substantive Due Process against all Defendants; Deprivation of Procedural Due Process against all Defendants; 1983 Monell Liability against Defendant Luna County; Breach of Contract against Defendant Luna County; and

Violation of NMSA 1978 §50-4-4 against Defendant Luna County.  Counts Three through Five are not relevant to this motion.  Defendants Sutherland, Diaz and Williams seek legislative immunity for the allegations of deprivation of procedural and substantive due process.  The substantive due process claim is premised on Plaintiffs' claim that they had a property interest in their continued employment or severance pay, and that the termination of their employment without payment of the severance pay deprived Plaintiffs of their property interest and was a violation of the substantive due process rights guaranteed by the Constitution.

      The procedural due process claim in Count Two alleges that Plaintiffs had a legitimate claim of entitlement to either the continuation of their employment through the term of the contract, or the payment of severance benefits under the contract, and that they were never given notice or an opportunity to be heard pursuant to the Open Meetings Act, and in violation of the due process guaranteed by the Fourteenth Amendment.

      Defendant Sutherland is the County Manager for Luna County.  As such, he does not have a vote on the Board of County Commissioners and there is no allegation that he voted to terminate Plaintiffs' contracts.  Rather, Plaintiff's allegation is that after the vote to terminate the contracts, Sutherland directed the Luna County Human Resources Director not to pay Plaintiffs the severance benefits purportedly due under the contract[2].  The administration of a contract in terms of when to make a payment or not make a payment is a quintessentially administrative act.  While facts may be developed during discovery sufficient to convince the Court that the decision to deny severance pay was legislative and not administrative, those facts are not now before the Court.  The facts pled

---

[2] Defendants have subsequently filed a motion to void the contracts as unconstitutional and unenforceable, specifically noting the severance provisions.  The constitutionality or enforceability of the severance provisions is not an issue in this 12(b)(6) motion and the Court will not consider the enforceability of the provisions in resolving this motion.

in Plaintiff's complaint are that the Board voted to terminate the contracts, and Sutherland instructed the Human Resources Director not to make the severance payment.  These facts are insufficient to grant Sutherland legislative immunity and Defendants' motion for legislative immunity on the part of Defendant Sutherland is therefore denied without prejudice at this juncture.

Defendants Diaz and Williams voted to terminate the Plaintiffs' contracts at the board meeting on June 23, 2009.  As an initial matter, the Court notes that Plaintiffs' complaint states that their contracts provided that they could be terminated at any time, i.e., there was no need for a finding of good cause for termination.  It appears to the Court that the real issue is the Board's failure to pay the severance benefits described in the contracts.  Plaintiffs' complaint also alleges the following:

> 19.  When Luna County prepared its annual budget, it had to provide for potential liabilities, such as the payment of Plaintiffs' severance in the event of termination.
>
> 20.  In June, 2009, Plaintiffs met with Sutherland to work on the Luna County budget for the following year.  At that time, Sutherland informed Plaintiffs that "some important people" wanted Plaintiff gone, including Commissioners Diaz and Williams, because of the financial burden posed by the severance provision in their contracts.

While votes related to the hiring and firing of individual employees can, under certain circumstances, be considered administrative acts, votes related to terminating contracts or eliminating positions for budgetary reasons are decidedly legislative acts.  *Bogan v. Scott-Harris*, 523 U.S. 44, 54, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998).

In the Court's opinion the instant case is analogous to *Bogan*.  In *Bogan*, a city council voted to adopt an ordinance eliminating a government office in which only one person, Plaintiff Scott-Harris, was an employee. Scott-Harris filed a 1983 claim alleging that the elimination of her position was retaliation for her complaining about racial slurs uttered by another government

6

Case 2:09-cv-01185-WDS-GBW   Document 41   Filed 07/26/10   Page 7 of 9

employee, who was politically connected to members of the city council.  The Supreme Court held that the mayor and city councilor were protected by legislative immunity. The Court found that the councilor's "acts of voting for an ordinance were, in form, quintessentially legislative."  *Id*. at 55.  Substantively, the Court found that "the ordinance . . . bore all the hallmarks of traditional legislation," and the council had "governed in a field where legislators traditionally have power to act." *Id*. at 55-56 (internal quotation marks omitted).  Also, the ordinance "reflected a discretionary, policymaking decision implicating the budgetary priorities of the city and the services the city provides to its constituents." *Id*. at 55-56.

     This case does not present a situation in which, for example, an employee was terminated for alleged incompetence, and replaced by a newly hired employee.  Such a scenario could be found to be an administrative action, even if a vote was conducted to ratify the termination.  Here, in contrast, Plaintiffs' complaint alleges that the dissatisfaction with Plaintiffs' contracts started in June of 2009 when the Board was working on the 2010 budget.  Plaintiffs allege that Defendants Diaz and Williams wanted Plaintiffs gone "because of the financial burden posed by the severance provisions in their contracts."  See, Plaintiffs' Complaint, p. 4, ¶ 20.  The Court concludes that the vote described in Plaintiffs' complaint represented the same sort of discretionary, policymaking decision implicating the budgetary priorities of Luna County and the services provided by Luna County to its constituents as that considered by the Supreme Court in *Bogan*.  Accordingly, the Court will grant legislative immunity to Diaz and Williams for their votes in favor of terminating Plaintiffs' contracts, meaning that Diaz and Williams are entitled to legislative immunity for that part of Count One (Substantive Due Process) related to termination of the contracts.

     The second part of Count One relates to the decision to not pay severance benefits to Plaintiffs.  As noted above in reference to Defendant Sutherland, such a decision is quintessentially

7

administrative, and there is insufficient evidence in the record at this stage of the litigation for the Court to determine Diaz and Williams' involvement in the decision, if any. Their motion for legislative immunity will be denied on that issue at this time.

Plaintiffs allege in Count Two that Defendants deprived them of procedural due process. The Plaintiffs allege that they were not given notice of the vote or an opportunity to be heard before the vote, and that Defendants violated the Open Meetings Act by not providing notice and by not having the issue on the agenda. In reviewing Defendants' Motion to Dismiss the Court finds no mention of the procedural due process claims advanced by the Plaintiffs in Count Two. On Page 8 of Defendants' brief, for example, they refer repeatedly to "the vote by the Commissioners" in arguing for immunity. There is simply not enough information in the complaint, however, about the alleged procedural violations or the alleged involvement of the Defendants in those violations for the Court to make a determination at this time. *Kamplain* makes it clear that "[n]ot all actions taken at a legislative meeting by a local legislator are legislative for the purposes of immunity." 159 F.3d 1248, 1251. This is not to say that some or all of the Defendants may be entitled to legislative immunity on Count Two, but the record does not support such a determination at this stage.

Finally, Defendants argue in the alternative that they are entitled to judicial or quasi-judicial immunity where they are not found entitled to absolute immunity. Again, at this stage of the proceedings the record is insufficient to support such an entitlement.

**IT IS, THEREFORE, ORDERED THAT** Defendants' Motion to Dismiss is DENIED without prejudice as to Defendant John Sutherland.

**IT IS FURTHER ORDERED THAT** Defendants' Motion to Dismiss is GRANTED as to Defendants Diaz and Williams for the portion of Count One that relates to their vote to terminate Plaintiffs' contracts. The Motion to Dismiss is DENIED without prejudice as to Defendants Diaz

and Williams for the remainder of Count One and for Count Two.

    **IT IS SO ORDERED**.

                                                                                       _____
                                                                                      W. DANIEL SCHNEIDER
                                                                                      UNITED STATES MAGISTRATE JUDGE