IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL BORDE and
FORREST BOSTICK,

      Plaintiffs,

vs.                                                          CIV 2:09-1185-WDS-GBW

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, and
JOHN SUTHERLAND, R. JAVIER DIAZ
and FRED WILLIAMS, in their individual
capacities,

      Defendants.

## ORDER GRANTING MOTION FOR STAY OF DISCOVERY PENDING APPEAL

This matter is before the Court on Defendants' Motion to Stay Discovery Pending Appeal. *Doc. 46.* The matter is fully briefed and the Court has determined that no hearing or further briefing is required. *Docs. 55, 56, 57.*

Defendants are appealing the partial denial of their motion to dismiss on absolute and qualified immunity. *Docs. 41, 44.* Prior to the entry of the order denying the motion, the discovery and other case management deadlines were stayed. *Doc. 33.* The basis of the stay was the general rule that "a stay of discovery is appropriate to preserve the benefits of the immunity defense and minimize discovery costs." *Id.*

Plaintiffs agree that, pending the appeal, "a stay on all civil rights claims is appropriate." *Doc. 55* at 3. They claim, however, that discovery on the breach of contract

and failure to pay wages claims should continue.  *Id.* at 3-4.  Essentially, Plaintiffs argue that those two claims are so distinct from the claims potentially subject to the immunity defenses that discovery on those two claims should be permitted to proceed.  *Id.*

The Court, however, is persuaded that the <u>facts</u> related to the claims not subject to the immunity defenses are intertwined with those subject to the defenses.  Consequently, the defendants seeking an appellate ruling that they are immune would be required "to participate in the [discovery] process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position.  Even if [the defendants] are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).  The fact that the contract/wage claims are quite different legally does not change this conclusion.[1]

Therefore, a stay of discovery is again appropriate to preserve the benefits of the immunity defenses and minimize discovery costs.  This stay will only remain pending the disposition of the appeal.  Upon resolution of the appeal, the Court will revisit the course

---

[1] Plaintiffs also argue that the stay should be denied because Defendants "still want a ruling on their Motion for Judgment on the Pleadings, which attacks Plaintiffs' breach of contract claims."  *Doc. 55* at 4; *see docs. 40, 49, 52, 53*.  This fact is irrelevant for several reasons.  First, Defendants' argument in that Motion is one based upon the distinct law applicable to the contract claim.  It does not undermine the assertion that the same nucleus of facts is applicable to all of Plaintiffs' claims.  Second, the Motion is fully briefed and before the Court, so further discovery will not impact its resolution.  Third, whether the appeal divests the Court of the authority to rule on the Motion is a separate question from whether permitting discovery pending the appeal would undermine the purpose of immunity defenses.

of discovery in this case.

IT IS HEREBY ORDERED that discovery and other case management deadlines are stayed pending Defendants' Appeal (Doc. 44).

_____
United States Magistrate Judge