IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL BORDE and
FORREST BOSTICK,

       Plaintiffs,

vs.                                                                        CIV 2:09-1185-WDS-GBW

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, and
JOHN SUTHERLAND, R. JAVIER DIAZ
and FRED WILLIAMS, in their individual
capacities,

       Defendants.

## <u>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STAY</u>

This matter is before the Court on Defendants' Motion and Brief for an Order Staying Discovery Pending Resolution of Defendants' Immunity Defenses. *Doc. 66.* The Court held a hearing on the Motion on June 23, 2011.[1]  *Doc. 67.*

The discovery in this case has been stayed since April 14, 2010. *Doc. 33.* The first stay, which was granted over Plaintiffs' objections, was based on Defendants' then-pending Motion to Dismiss under the Doctrines of Absolute and Qualified Immunity. *See Docs. 26, 28, 29.* However, before the Court ruled on the motion, Defendants' withdrew their

---

[1] Plaintiffs did not object to the Court setting a hearing without a written response from Plaintiff. *Doc. 63.* Plaintiffs responded orally at the hearing. *Doc. 67.*

qualified immunity argument.  *Doc. 34.*  When the Court rejected the remaining argument of absolute immunity and denied the motion, Defendants appealed.  *Doc. 41, 44.*  On the basis of the appeal, Defendants sought another stay of discovery.  *Doc. 46.*  Over objection of Plaintiff, another stay was granted.  *Doc. 58.*

On appeal, the Court's denial of absolute immunity was affirmed.  *Doc. 61.*  Subsequently, Defendants' have renewed their qualified immunity defense in their Motion to Dismiss Counts I, II, and III or in the alternative for Summary Judgment.  *Doc. 65.*  Based on this new motion, Defendants again seek to stay discovery in this case.  *Doc. 66.*  Plaintiffs again oppose the stay.

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009).   The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Because qualified immunity protects against the burdens of discovery as well as trial, the Court has also emphasized that trial courts should resolve the issue before discovery if at all possible.  *See Siegert v.Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982)

("Until this threshold immunity question is resolved, discovery should not be allowed."). *Accord Jones v. City and County of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988). As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

For the most part, the Court finds that the instant case does not fall outside the general rule that a stay is appropriate. Therefore, with certain exceptions, the Court will grant a stay of discovery. The exceptions arise from the fact that Defendants' pending dispositive motion argues that Defendants are entitled to qualified immunity because they were relying on advice from counsel. *Doc. 65* at 25-26. It is clear that some discovery regarding this legal advice will be required to resolve this issue. Given the age of this case and the fact that Defendants' decisions about how to proceed with motion practice have exacerbated the delay, this Court will permit limited discovery on this issue. Specifically, the Court will permit the deposition of Kent Cooper, Steve Koppelman, and Randy Newsome. Absent contrary agreement of the parties, the depositions shall not exceed 3.5 hours and will be limited to the "legal advice" issue. Absent a written motion establishing good cause, the depositions must be held within 60 days. Moreover, instead of selecting Steve Koppelman for deposition, Plaintiff may utilize the Rule 30(b)(6) mechanism to require Defendants to designate the appropriate person to depose. Finally, the Court will

3

permit subpoena duces tecum to be served upon these three deponents.  As discussed at the hearing on this matter, Plaintiff should carefully limit the documents sought for production.   If documentary requests are too broad or burdensome, Defendants are encouraged to seek to quash the subpoenas.

As noted above, Defendants' pending dispositive motion requests dismissal under Rule 12 and, in the alternative, summary judgment under Rule 56.  The "legal advice" argument falls within Defendants' summary judgment request.  Because the Court has permitted limited discovery as to the "legal advice" argument, a full response to the summary judgment request would be impossible until after the completion of the permitted depositions.  Therefore, Plaintiff is directed to respond to Defendants' pending dispositive motion in two parts.   The first part shall address Defendants' Rule 12 arguments and shall be filed according to the deadline set by the Local Rules.  The second part shall address Defendants' Rule 56 arguments and shall be filed no later than twenty days after the completion of the last deposition permitted by this Order.

**WHEREFORE**, Defendants' Motion and Brief for an Order Staying Discovery Pending Resolution of Defendants' Immunity Defenses is **GRANTED IN PART AND DENIED IN PART** as described above.

United States Magistrate Judge

4