IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PAUL BORDE and**
**FOREST BOSTICK,**

      **Plaintiffs,**

v.

**BOARD OF COUNTY COMMISSIONERS**
**OF LUNA COUNTY, NEW MEXICO, and**
**JOHN SUTHERLAND, R. JAVIER DIAZ**
**and FRED WILLIAMS, in their individual**
**capacities,**

      **Defendants.**

No. CIV 09-1185 WDS/GBW

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Dismiss Counts I, II, and III of Plaintiffs' Complaint or in the Alternative for Summary Judgment ("Motion to Dismiss") filed June 20, 2011[Doc. 65] by Defendants Board of County Commissioners of Luna County, New Mexico, and John Sutherland, R. Javier Diaz and Fred Williams ("Defendants") and on Plaintiffs' Motion for Leave to File a First Amended Complaint ("Motion to Amend") filed October 31, 2011 [Doc. 102] Having considered the Motions, all of the briefs filed by the parties, and the applicable law, this Court finds that the Motion to Dismiss is well taken, and it will be granted. The Court finds that the Motion to Amend is not well taken, and it will be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**
**APPLICABLE TO BOTH MOTIONS**

Plaintiffs are retired Luna County employees who, after retiring, returned to work for Luna County under three year employment contracts. The specific terms of the employment contracts are outlined in detail in the Court's September 13, 2011 opinion finding the contracts unconstitutional and void *ab initio*. Luna County terminated Plaintiffs' contracts on June 23, 2009, during the second

year of the three year contract. Defendant John Sutherland ("Sutherland") told the Plaintiffs that their contracts had been terminated, that their services were no longer needed, and that their contracts were not going to be honored. *Id.* at ¶24. Plaintiffs received their base pay through June 23, 2009, but did not receive any of the severance benefits outlined in the contract. These benefits included their remaining base pay under the three year contract, twelve months severance pay, and five weeks per year of paid time off. ("PTO") Complaint at ¶27, 29. Under the contracts, each Plaintiff was owed severance benefits unless he was terminated as a result of the conviction of a felony. *Id.* at ¶18.

For purposes of these motions, this Court accepts as true that during the time of Plaintiffs' employment with the County, Luna County had in place a Personnel Ordinance which provided that regular full time employees could be terminated only for cause with required notice and opportunity to be heard and that such employees were entitled to be compensated for unused paid time off.

On December 18, 2009, Plaintiffs filed the instant suit to recover their unpaid contractual benefits. Their Complaint included the following claims: Count I: Deprivation of Substantive Due Process; Count II: Deprivation of Procedural Due Process; Count III: *Monell* Liability Against Luna County; Count IV: Breach of Contract; and Count V: Violation of NMSA 1978 §50-4-4 (Payment of Wages to Discharged Employees). [Doc. 1]. Thereafter, Defendants filed a motion to dismiss the breach of contract claim, [Doc. 40], and filed this separate Motion to Dismiss Counts I, II, and III or in the Alternative for Summary Judgment. [Doc. 65].[1] By Memorandum Opinion and Order

---

[1]The Summary Judgment portion of Defendants' Motion, which is pled in the alternative and addresses qualified immunity, has not been fully briefed. Magistrate Judge Wormuth issued an order setting a bifurcated briefing schedule, mandating that the Rule 12 arguments be addressed on the usual briefing schedule, but Plaintiffs' response deadline to the summary judgment

("Order") entered September 13, 2011, this Court granted Defendants' Motion for Judgment on the Pleadings and dismissed with prejudice Count IV of Plaintiffs' Complaint alleging breach of contract, finding that the employment contracts created unconstitutional debt and were, therefore, void *ab initio*. [Doc.87]. By Order entered October 6, 2011, the Court directed the parties to file a supplemental brief addressing what impact, if any, the Court's September 13, 2011 Order dismissing Plaintiffs' breach of contract claim had on the issues presented in this Motion to Dismiss and further permitted replies to the supplemental briefing.

**I.  DEFENDANTS' MOTION TO DISMISS**

**CLAIMS**

In their Motion to Dismiss, Defendants ask this Court to dismiss Plaintiffs' federal claims under Counts I, II, and III of Plaintiffs' Complaint and to dismiss Count V, Plaintiffs' remaining state law claim, without prejudice for lack of subject matter jurisdiction.

In requesting dismissal of Counts I and II, Defendants argue that the Court's Order recognizing the employment contracts as void eliminates Plaintiffs' source for their claimed protected property interest for severance and PTO benefits necessary to sustain Plaintiffs' substantive and procedural due process claims. Plaintiffs contend that because the Commission's termination of their contracts did not comport with the requirements of the Open Meetings Act, the contracts were enforceable up until the time the Court found them void by Order entered September 13, 2011. Plaintiffs also argue that if their employment contracts are void, then the Luna County Personnel Ordinance ("Personnel Ordinance") provides Plaintiffs' rights regarding termination of their employment and further provides the

---

portion of Defendants' Motion was vacated and has not yet been reset. Because this Court is dismissing all counts pled against the individual defendants as a matter of law under the Fed. R. Civ. P.12(b)(6) standard, it is unnecessary to reach the issue of qualified immunity.

property interest which forms the basis of their due process claims. Plaintiffs have filed a motion to amend the Complaint to add claims based on the Personnel Ordinance. [Doc.102].

Count III of the Complaint alleges *Monell* liability against Luna County. Defendants argue that this Count should be dismissed because *Monell* does not provide for a separate cause of action for alleged civil rights violations and because Plaintiffs have asserted potential *Monell* liability only as to the alleged violations of their due process rights. Plaintiffs agree that they are asserting only the substantive and procedural due process claims contained in Counts I and II of their Complaint in their *Monell* claim against Luna County.

## APPLICABLE LAW

Fed. R. Civ. P. 12(b)(6) allows a party to move for dismissal for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the sufficiency of the pleading, and consequently compels an examination of whether the pleader complied with pleading requirements under Rule 8. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957). Merely incanting labels, legal conclusions, and the formulaic elements of a cause of action is not sufficient. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

In accordance with Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the non-moving party. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). The complaint must, however, plausibly support a claim for relief. *Twombly*, 550 U.S. at 555-558. Pleaders must allege sufficient facts to move beyond the level

of speculation, to "nudge[] their claims across the line from conceivable to plausible." *Twombly* at 570.

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). "[F]ederal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C C. Wright & A. Miller, Fed. Prac. & Proc. Civ. §1366, at 159 (3d ed. 2004). *See Dobson v. Anderson,* 319 Fed. Appx. 698, 702 (10th Cir. 2008); *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998). If a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Assoc. Wholesale Grocers, Inc*., 130 F.3d 1381, 1384 (10th Cir. 1997).

In this case, copies of the relevant contracts were not attached to the Complaint; however, Defendants submitted copies of the contracts as attachments to their Motion to Dismiss. Because the contracts are referred to in the Complaint and are central to Plaintiffs' claims and because Plaintiffs do not dispute the authenticity of these documents, this Court will consider the contracts in its determination of Defendants' Motion to Dismiss. *See GFF Corp. v. Assoc. WholesaleGrocers, Inc*., 130 F.3d at 1384. Furthermore, in reaching its decision under the Motion to Dismiss standard, the Court has not considered or relied upon any other document submitted by Plaintiffs or Defendants.

## ANALYSIS

The first issue for the Court to address is the legal significance of its September 13, 2011 ruling,

i.e., what consequences flow from the determination that an employment contract is void *ab initio*. "A declaration that a contract is void nullifies all aspects of the agreement." *Bertram v. Beneficial Consumer Discount Co.*, 286 F.Supp.2d 453 (M.D.Pa. 2003) (citing Restatement (Second) of Contracts § 7 cmt. a ("[A void contract] is not a contract at all.") and *Sandvik AB v. Advent Intern Corp.* 220 F.3d 99, 107–09 (3rd Cir. 2000)). Essential to this concept is the principle that a void contract lacks legal existence from inception and is never enforceable. *See id*. New Mexico courts have consistently found that void contracts are not contracts at all and are unenforceable in all respects. *See, e.g., Gamboa v. Urena,* 135 N.M. 515, 90 P.3d 534 (Ct.App. 2004)(Where contractor had not obtained a license pursuant to the Construction Industries Licensing Act, his materialman's lien was void *ab initio* and he could not maintain a claim for damages against the homeowners); *Dacy v. Village of Ruidoso,* 114 N.M. 699, 845 P.2d 793 (1992)(damages are unavailable as relief to a party to an illegal contract); *Armijo v. Cebolleta Land Grant,* 105 N.M. 324, 732 P.2d 426 (1987)(board member's contract with municipal trust to provide use of his front-end loader was void as against public policy; therefore, the board member was precluded from recovery on the contract).

  Federal courts, including the Tenth Circuit, have held the same. In *Alderfer v. The Board of Trustees of Edwards County Hospital*, 2006 WL 2548786 (D.Kan. 2006), the Plaintiff, Alderfer, entered into a two-year employment contract in 1996 to serve as the business manager for defendant. Plaintiff signed another two-year contract in 1998, and a one-year contract in 2000, 2001, and 2002. On October 22, 2004, one year after the 2002 agreement ended, the Board evaluated Alderfer's performance and gave her a raise. Approximately three months later, the Board terminated her. Alderfer was notified of the Board's decision and given ten minutes to decide whether to resign or be terminated. Personnel policies and procedures in effect during the course of Alderfer's

employment provided that employees could be terminated only for cause. Alderfer filed suit alleging breach of contract and violation of procedural due process.

The district court found that the Board did not have the legal authority to contract for a fixed term, and her contract was void and unenforceable. Accordingly, Alderfer was, by default, an employee at-will and her employment could be terminated for any reason, at any time. The court further found that Alderfer's procedural due process claim failed because she did not have a property interest in her employment since the contract was void. The Tenth Circuit affirmed the district court in all respects. *See Alderfer v. Bd. of Trustees of Edwards County,* 261 Fed.Appx. 147 (10th Cir. 2008). The Tenth Circuit agreed with the District Court that the Board had no authority to enter into a fixed-term contract and held that any attempt to do so was unenforceable. Furthermore, despite the fact that personnel policies and procedures provided that employees could be terminated only for cause, the Tenth Circuit held that in the absence of a fixed-term employment contract, Alderfer was an at-will employee, and as an at-will employee, she had no property interest in her employment to which the protections of due process applied.

In *Lum v. Kauai County Council*, 358 Fed.Appx. 860 (9th Cir. 2009), Lum, a former employee of the county police department, brought a due process claim against the county and other defendants based on the termination of his employment. Lum had been employed under an employment contract that was held to be illegal and void because it was tainted by the police commissioner's ethical violations. The Ninth Circuit held that because the contract was void, Lum did not have a property interest in his employment and, therefore, Plaintiff did not have a viable due process claim arising from the loss of his employment. The Court noted that a void contract could not give rise to a property interest.

7

1. Counts I and II

Count I of Plaintiffs' Complaint alleges a violation of substantive due process based on an alleged property right to the severance pay and paid time off provided for in the employment contracts. Count II alleges a violation of procedural due process because Plaintiffs were not afforded due process prior to the County Commission's termination of their contracts. Count II is also based on the assertion of a property right in the employment contracts. Because the Court has already ruled that the Defendant Board had no constitutional authority to enter into the employment contracts, and that the contracts were void *ab initio*, it is abundantly clear that Plaintiffs had no property right in their employment to which the protections of procedural or substantive due process apply. Plaintiffs are simply precluded from recovery on the employment contracts for the same reasons set forth in *Alderfer*.

In an attempt to save their due process claims, Plaintiffs argue that because the Board of Commissioners failed to follow the requirements of the Open Meetings Act, the termination of Plaintiffs' contracts was not valid, and, therefore, the contracts continued to be in force until this Court's September 13, 2011 decision declaring them void *ab initio*. Plaintiffs contend they are entitled to damages at least up until the time of the Court's ruling. This argument is not well taken. The Court's finding that the contracts were void means the contracts never existed, not that they existed up until September 13, 2011. Therefore, whether the Board of Commissioners violated the Open Meetings Act or not is irrelevant to the Court's determination of this motion. Plaintiffs' Counts I and II will be dismissed with prejudice.

2. Count III

Count III of the Complaint alleges §1983 *Monell* liability against Luna County. Defendants ask that this Count be dismissed because *Monell* does not provide for a separate cause of action for alleged civil rights violations but rather may be used only for illustrating official policy acts of the public body to attach liability to their §1983 claims. Defendants further argue that Plaintiffs have asserted potential

*Monell* liability only as to the alleged violations of their due process rights and so an additional count is unnecessary. Plaintiffs agree that they are asserting only the substantive and procedural due process claims contained in Counts I and II of their Complaint in their *Monell* claim. In fact, in Plaintiffs' proposed amended Complaint, Plaintiffs do not include a separate count for *Monell* liability against Luna County.

Because the Court has dismissed Counts I and II against all defendants, including Luna County, there is no basis for a separate claim under *Monell*. *See Maui Vacation Rental Ass'n, Inc. v. County of Maui,* 2007 WL 4440962 (D. Haw. Dec. 19, 2007), *aff'd.*, 303 Fed. Appx. 416 (9th Cir. 2008) (dismissing separate *Monell* claim "on the basis that a '*Monell*' claim is not a separate claim from Count I of the Complaint."). Count III of Plaintiffs' Complaint will be dismissed with prejudice.

3. Count V

In Count V, Plaintiffs contend that after their separation from employment with Luna County, the County did not pay them all of the compensation that they were owed. Plaintiffs argue that pursuant to NMSA 1978 §50-4-4, Plaintiffs must be paid wages owed plus additional compensation from the date of discharge through the sixty (60) days which followed. Because Plaintiffs' federal claims have been dismissed, the Court will dismiss Count V, Plaintiffs' remaining state law claim, without prejudice for lack of subject matter jurisdiction.

## II. PLAINTIFFS' MOTION TO AMEND

### CLAIMS

Plaintiffs seek to amend their Complaint under Rule 15(a)(2). The proposed amendment retains four counts from the original complaint: the two original due process claims; the breach of contract claim; and the state law claim based on NMSA 1978 §50-4-4. These counts were

dismissed in this order and there is no need to consider them in this motion. Counts III and V of the proposed amended complaint assert new claims. Count III is a claim for federal procedural due process based on Plaintiffs' termination from employment contrary to the County's Personnel Ordinance. Count V is a state law claim for Breach of Implied Contract of Employment arising from the Personnel Ordinance.

Defendants argue that this Court should deny Plaintiffs' motion to amend because the motion is futile since each of the claims Plaintiffs seek to add would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or a motion for summary judgment.

## APPLICABLE LAW

Rule 15(a) provides that when amendment is sought after the period when a party may amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Although rule 15(a) provides that leave to amend shall be freely given, the court may deny leave to amend when amendment would be futile. *Jefferson County Sch. Dist. No. R–1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir.1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment. *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir.2004); *Bauchman for Bauchman v. W. High School,* 132 F.3d 542, 562 (10th Cir. 1997).

## ANALYSIS

Since four of the six counts in the proposed amended Complaint have been dismissed, the Court need only consider the two new claims raised by Plaintiffs in the proposed amended

Complaint--Count III, a federal procedural due process claim based on Plaintiffs' termination from employment contrary to the Personnel Ordinance, and Count V, a state law Breach of Implied Contract claim arising from the Personnel Ordinance.

1.  Count III

Plaintiffs seek to amend their Complaint to add a procedural due process claim against Luna County based on the Personnel Ordinance. Count III, in pertinent part, reads as follows:

> 78. Pursuant to the Luna County Ordinance, Plaintiffs could only be terminated for cause or as part of a bona fide reduction-in-force and Plaintiffs were entitled to due process prior to termination.
>
> . . .
>
> 80. The termination of Plaintiffs' employment without giving Plaintiffs adequate notice and an opportunity to be heard and without following the Open Meetings Act requirements was a deprivation of property without procedural due process and thus violated the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> 81. Plaintiffs' interests in their professional reputations constitute liberty interests entitled to protection by the U.S. Constitution. The termination of Plaintiffs' employment without giving Plaintiffs adequate notice and an opportunity to be heard and without following the Open Meetings Act requirements harmed their professional reputations and constituted a deprivation of liberty without procedural due process and thus violated the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

Plaintiffs claim that in the absence of their employment contracts, the Personnel Ordinance provides Plaintiffs' rights regarding termination of their employment and further provides the basis for establishing Plaintiffs' property rights, giving rise to their due process claim. Plaintiffs argue that the protections under the Personnel Ordinance include "for cause" termination with notice and opportunity to be heard, grievance procedures, and compensation for unused PTO.  Plaintiffs argue

that if they did not have enforceable employment contracts, they must be considered to be regular full-time Luna County employees, with the job protections enjoyed by other full-time employees. Defendants do not dispute that the Personnel Ordinance can be the basis for establishing a property right; only that it cannot do so in this case, because Plaintiffs do not become for-cause employees as a result of the voiding of their contracts.

There is much discussion among the parties as to whether Plaintiffs were employees or failed contractors. The issue, however, is whether the voiding of Plaintiffs' contracts automatically made Plaintiffs for-cause employees entitled to due process. The Court finds that it did not. Plaintiffs cite no case law that holds that a void contract can give rise to a property interest in employment, and this Court finds none. To the contrary, the case law cited, *supra*, makes it clear that Plaintiffs had no property interest in their employment because their contracts were void. Notably, the plaintiff in *Alderfer* had a contract which contained all the protections Plaintiffs now seek under the County personnel ordinance. The Tenth Circuit affirmed the District Court's conclusion that Alderfer's contract was void, and therefore she was an at-will employee with no property interest in her employment to which the protections of due process applied.

Other jurisdictions agree that void contracts create no property interest even for public employees. *See, e.g., Bailey v. City of Lawrence, Indiana*, 972 F.2d 1447 (7th Cir. 1992)(where the Seventh Circuit recognized that if the plaintiff's appointment to the police department was invalid, then he had no property interest, and, therefore, had no right to due process before being discharged). *See also Walters v. Village of Colfax*, 466 F.Supp.2d 1046, 1048-49 (C.D.Ill. 2006); *City of Beaumont v. Spivey*, 1 S.W.3d 385, 387 (Tex.Ct.App. 1999).

While Plaintiffs have identified additional alleged interests in this proposed Count, such as

an alleged liberty interest in their professional reputations, this proposed Count still presents a due process claim that is legally indistinguishable from the first two counts of the original Complaint. Because this Court finds that Plaintiffs were not entitled to due process because their contracts were void and further finds that any alleged violation of the Open Meetings Act is irrelevant to its decision that the contracts are void, it would be futile for Plaintiffs to raise this claim in an Amended Complaint.

2.  Count V

Plaintiffs also seek to amend their Complaint to add a state law Breach of Implied Contract claim against Luna County. That proposed count reads, in pertinent part, as follows:

> 89. Luna County employs persons either under an express written contract or under the Luna County Personnel Ordinance. If Plaintiffs were not contract employees, then their employment would be governed by the applicable Luna County Personnel Ordinance
> . . .
>
> 92. Plaintiffs' former job positions do not fit within the enumerated list of "at will" employees in the Personnel Ordinance.
>
> 93. If Plaintiffs' contracts designating them "at will" employees are void, Plaintiffs' status when employed by Luna County was that of full-time regular employees.
>
> 94. The terms, benefits and conditions of the Personnel Manual constitute implied terms of the contract between Luna County and its employees, including Plaintiffs.
>
> 95. Luna County has breached the implied terms of the employment contract with Plaintiffs' by failing to act in accordance with the Personnel Ordinance, which violations include but are not necessarily limited to:
> > a. Failure to provide notice and opportunity to be heard before terminating Plaintiffs' employment;
> > b. Failure to provide a grievance hearing after depriving Plaintiffs of their future employment;
> > c. Failure to compensate Plaintiffs for unused paid time off (PTO).

Under this Count, Plaintiffs once again allege that because their contracts have been declared void,

the terms, benefits, and conditions of the Personnel Ordinance apply to them.  Plaintiffs argue that as employees governed by the Personnel Ordinance, they had an implied contract of employment which mandated that they could not be terminated without notice and opportunity to be heard and that they would be entitled to be compensated for their unused paid time off.  Specifically, Plaintiffs argue that if they were *not* contract employees, then their employment *had* to be governed by the County Personnel Ordinance.

This proposed count raises a state law claim, not a federal question.  The Court has already declined to exercise supplemental jurisdiction over Plaintiffs' state claim based on an alleged violation of NMSA 1978 §50-4-4.  With all federal claims dismissed with prejudice by this order, the Court sees no basis for granting leave to amend the complaint when the only surviving claim in the proposed amended complaint is a state claim, and when the other state claim in the original complaint has been dismissed without prejudice.  The Court makes no judgment on the merits of this proposed count, but finds that it would be futile to grant leave to amend the complaint to assert it.  Accordingly, Plaintiffs' Motion to Amend is denied.

## CONCLUSION

For the foregoing reasons, this Court finds that the Defendants' Motion to Dismiss Plaintiffs' Complaint is hereby granted as to Counts I, II, and III with prejudice,  and Count V without prejudice. Additionally, for the foregoing reasons, this Court finds that Plaintiffs' Motion for Leave to File a First Amended Complaint is not well taken and it is hereby denied.

**IS IT SO ORDERED.**

_____
**W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE**